UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MUN LIM, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>PRECISION RISK MANAGEMENT INC, et al.,<br><br>Defendants. | CASE NO. C12-0395JLR<br><br>ORDER GRANTING SUMMARY JUDGMENT |

## I.   INTRODUCTION

Before the court is Defendants Precision Risk Management, Inc. and Kelly DeCew's motion for summary judgment. (Mot. (Dkt. # 15).) Also before the court is Plaintiffs Mun Lim and Myung Lim's cross-motion for partial summary judgment.[1]

---

[1] The cross-motion appears in Plaintiffs' response (*see* Resp. at 21-24) to Defendants' motion. The cross-motion was re-noted to August 31, 2012, (*see* Dkt. # 20) in order to comply with Local Rule 7(d)(3) which requires dispositive motions to be noted "no earlier than the fourth Friday after filing and service of the motion." W.D. Wash. Local Rule 7(d)(3).

ORDER- 1

(Resp. (Dkt. # 18).)  Having considered the motions, the parties' submissions filed in support and opposition thereto, the applicable law, and being fully advised, the court GRANTS Defendants' motion (Dkt. # 15) and DENIES Plaintiffs' cross-motion (Dkt. # 18.).[2]

## II. BACKGROUND

Plaintiffs Mun Lim and Myung Lim are a married couple.  (Resp. (Dkt. # 18) at 32 (Ex. 1 "Lim Decl.").)  After years of operating several highly demanding small businesses, they purchased the Best Lynnwood Motor Inn ("the motel") in July 2008 with the hope of spending their later years in a less taxing work environment.  (*Id.*)  Unfortunately, less than thirty days later after the purchase, a guest set fire to the motel on August 10, 2008.  (*Id.*)  The fire caused severe damage and required Plaintiffs, whose financial well-being relied solely on proceeds from their motel business, to close the motel and begin rebuilding it.  (*Id.*)

Plaintiffs' motel business was incorporated as MK Lim, Inc., dba Best Lynnwood Motor Inn ("MK Lim"), a closely held corporation of which Plaintiffs were the sole shareholders.  (2d Am. Compl. (Dkt. # 10) ¶ 1.1.)  Immediately after the fire, Plaintiffs submitted an insurance claim to MK Lim's property insurance provider, Greenwich Insurance Company ("Greenwich").  (Lim Decl. at 32.)  Greenwich hired Precision Risk Management, Inc. ("PRM") to adjust MK Lim's insurance claim, a job that PRM then assigned to its employee, Kelly DeCew.  (2d Am. Compl. ¶ 3.2-3.3.)  Because Plaintiffs

---

[2] Given that neither party has requested oral argument and the parties have fully briefed the issues at hand, the court concludes that oral argument is unnecessary to decide these motions.

ORDER- 2

owed $12,000 per month on the mortgage for the motel—a loan that they had personally guaranteed—it was very important for them to receive as soon as possible the business interruption benefits to which MK Lim was entitled under its insurance policy. (Lim Decl. at 32.) Despite their heavy financial burden, however, PRM refused to pay Plaintiffs these benefits for nearly six months and did not make a payment until February 9, 2009. (*Id.* at 33.) During this delay, Plaintiffs were forced to personally borrow significant amounts of money from banks and relatives in order to stay on top of both the MK Lim mortgage and their personal expenses. (*Id.* at 33-34.) If Plaintiffs had been receiving business interruption benefits during this time period, it would not have been necessary for them to borrow these funds. (*Id.*) In addition to causing financial loss, this ordeal caused Plaintiffs to experience significant anxiety and emotional distress. (*Id.* at 34.)

Based on these events, MK Lim sued Greenwich on January 29, 2010. (Resp. at 39 (Ex. 2 Compl.); *see MK Lim, Inc. v. Greenwich Ins. Co.*, No. C10-374MJP (Dkt. # 2).) In its lawsuit against Greenwich, MK Lim brought claims for breach of contract, insurance bad faith, violations of the Washington Consumer Protection Act ("CPA"), RCW ch. 19.86, and violations of the Washington Insurance Fair Conduct Act, RCW 49.30.015. (*Id.* at 54-55 (Ex. 3 1st Am. Compl.).) Before trial, Greenwich filed a motion in limine seeking to exclude evidence of Mr. and Ms. Lim's personal damages at trial. (*Id.* at 166 (Ex. 13 Order on Mot. in Limine).) The court granted Greenwich's motion, concluding that personal losses were not relevant to MK Lim's corporate losses. (*Id.*)

After an eight-day trial, a jury found that Greenwich had acted in bad faith and violated the CPA.  (*Id.* at 190-91 (Ex. 15 Verdict Form).)

Then, on August 9, 2011, Plaintiffs Mr. and Ms. Lim brought the instant action against Defendants PRM and Kelly DeCew.  (Compl. (Dkt. # 1-2).)  On April 5, 2012, Plaintiffs filed a second amended complaint.  (*See* 2d Am. Compl.)  In this action, Plaintiffs assert five claims against Defendants, arising out of the same events that led to MK Lim's action against Greenwich.  (*Compare id. with* Resp. at 54-55 (Ex. 3 1st Am. Compl.).)  Plaintiffs allege:  negligence (*id.* ¶¶ 4.1-4.5); intentional torts (*id.* ¶¶ 5.1-5.5); CPA violations (*id.* ¶¶ 6.1-6.7); tortious inference with business expectancy (*id.* ¶¶ 7.1-7.6); and insurance bad faith (*id.* ¶ 8.1-8.3).

Defendants now move for summary judgment claiming Plaintiffs' claims are barred by res judicata.  (*See* Mot.)  In response, Plaintiffs have filed a cross-motion for partial summary judgment with respect to their claims for CPA violations and insurance bad faith.  (*See* Resp. at 21-24.)  For the following reasons, the court GRANTS Defendants' motion and DENIES Plaintiffs' cross-motion.

### III.   ANALYSIS

**A.  Legal Standard**

Summary judgment is appropriate if the evidence, when viewed in the light most favorable to the non-moving party, demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Galen v. Cnty. of L.A.*, 477 F.3d 652, 658 (9th Cir. 2007).  The moving party bears the initial burden of showing

there is no genuine issue of material fact and that he or she is entitled to prevail as a matter of law. *Celotex*, 477 U.S. at 323. If the moving party meets his or her burden, the non-moving party "must make a showing sufficient to establish a genuine dispute of material fact regarding the existence of the essential elements of his case that he must prove at trial" in order to withstand summary judgment. *Galen*, 477 F.3d at 658. The court is "required to view the facts and draw reasonable inferences in the light most favorable to the [non-moving] party." *Scott v. Harris*, 550 U.S. 372, 378 (2007).

**B. Res Judicata**

Defendants' sole argument in their motion for summary judgment is based on the doctrine of res judicata.[3] (*See generally* Mot.) Res judicata precludes "the relitigation of claims and issues that were litigated, or could have been litigated, in a prior action." *Pederson v. Potter*, 11 P.3d 833, 835 (Wash. Ct. App. 2000). Res judicata is an affirmative defense, meaning that the "party asserting the defense of res judicata has the burden of proving that the claim was decided in the prior adjudication." *Civil Serv. Comm'n of City of Kelso v. City of Kelso*, 969 P.2d 474, 477 (Wash. 1999); *see* Wash. Ct. R. 8(c). "To preclude parties from contesting matters that they have had a full and fair opportunity to litigate protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." *Montana v. U. S.*, 440 U.S. 147, 153-54 (1979). Nevertheless, the doctrine of res judicata "'must not be understood to

---

[3] The parties agree that Washington law applies in this matter. (Mot. at 8; Resp. at 10.)

mean that a plaintiff must join every cause of action which is joinable when he brings a suit against a given defendant.'" *State Dept. of Ecology v. Acquavella*, 51 P.3d 800, 807 (Wash. Ct. App. 2002) (quoting *Seattle-First Nat. Bank v. Kawachi*, 588 P.2d 725, 727 (Wash. 1978)). Rather, res judicata precludes claims that "*could have and should have been determined in a prior action.*" *Sound Built Homes, Inc. v. Windermere Real Estate/S., Inc.*, 72 P.3d 788, 794 (Wash. 2003) (internal quotation marks and citation omitted) (emphasis in original). Thus, Washington law is "clear that res judicata applies to every point which properly belonged to the subject of litigation, and which the parties, exercising reasonable diligence, might have brought forward at the time.'" *Feminist Women's Health Ctr. v. Codispoti*, 63 F.3d 863, 867 (9th Cir. 1995) (quoting *Sanwick v. Puget Sound Title Ins. Co.*, 423 P.2d 624, 627 (Wash. 1967)).

As a threshold matter, res judicata "requires a final judgment on the merits" in a previous action. *Pederson*, 11 P.3d at 835. Here, there is no question that there was a final judgment on the merits in the previous action because the U.S. District Court for the Western District of Washington entered judgment in the previous action, *MK Lim, Inc. v. Greenwich Ins. Co.*, No. C10-374MJP, on July 6, 2011 after an eight-day bench trial. (Resp. at 193 (Ex. 16 Judgment in Case No. C10-374MJP).) If there has been a final judgment on the merits in a previous action, res judicata prohibits a subsequent action "where the moving party proves a concurrence of identity between the two actions in four respects: (1) persons and parties; (2) cause of action; (3) subject matter; and (4) the quality of the persons for or against whom the claim is made." *Kuhlman v. Thomas*, 897 P.2d 365, 368 (Wash. Ct. App. 1995).

In this case, Defendants argue that res judicata prohibits Plaintiffs' claims in this matter because Plaintiffs should have asserted these claims in the previous action, *MK Lim, Inc. v. Greenwich Ins. Co.*, No. C10-374MJP. (Mot. at 1.) The court examines each element of the test for res judicata in turn.

1. <u>Same Persons and Parties</u>

"Generally, the rules that allow for concurrence of identity between parties are quite strict." *In re Coday*, 130 P.3d 809, 817 (Wash. 2006). However, "[p]arties may be nominally different, but the same for res judicata purposes." *Landry v. Luscher*, 976 P.2d 1274, 1277-78 (Wash. Ct. App. 1999). "Under the principles of res judicata, a judgment is binding upon parties to the litigation and persons in privity with those parties." *Loveridge v. Fred Meyer, Inc.*, 887 P.2d 898, 900 (Wash. 1995). "Privity is established in cases where a person is in actual control of the litigation, or substantially participates in it even though not in actual control." *Id.* (citing RESTATEMENT (SECOND) OF JUDGMENTS § 39 (1982) ("A person who is not a party to an action but who controls or substantially participates in the control of the presentation on behalf of a party is bound by the determination of issues decided as though he were a party.")).

In this case, the parties agree that there is privity between Defendants in this action and the defendant in the previous action, Greenwich. (Mot. at 11; Resp. at 2.) Thus, the "same parties" element of res judicata is satisfied with respect to PRM and Ms. DeCew as Defendants.

The parties, however, do not agree on the application of the "same parties" element with respect to Mr. and Ms. Lim as Plaintiffs. Although Plaintiffs were not

named parties in the previous action between MK Lim and Greenwich, Defendants nevertheless claim that Plaintiffs were in privity with MK Lim. (Mot. at 11-12.) More specifically, Defendants direct the court to the Restatement (Second) of Judgments for the proposition that the owners of a closely held corporation are bound by a judgment involving their corporation unless their interests were opposed to the corporation's interests at the time of the litigation (*see* Mot. at 15):

> When the corporation is closely held . . . interests of the corporation's management and stockholders and the corporation itself generally fully coincide. . . . For the purpose of affording opportunity for a day in court on issues contested in litigation . . . there is no good reason why a closely held corporation and its owners should be ordinarily regarded as legally distinct. On the contrary, it may be presumed that their interests coincide and that one opportunity to litigate issues that concern them in common should sufficiently protect both.

RESTATEMENT (SECOND) OF JUDGMENTS § 59 cmt. e (1982). Defendants also point to a pair of non-Washington cases where courts have cited this section of the Restatement to conclude that the "same parties" element had been satisfied. (Mot. at 15-16 (citing *Manu-Tronics, Inc. v. Effective Mgmt. Sys., Inc.*, 471 N.W.2d 263, 267 (Wis. Ct. App. 1991) ("The identity of parties requirement of res judicata is met where the two actions involve a closely-held corporation in one case . . . and its principal shareholder in the other . . . and the principal shareholder actively participated in the first case.") (internal citations and quotation marks omitted); *Apollo Real Estate Inv. Fund, IV, L.P. v. Gelber*, 935 N.E.2d 963, 973-74 (Ill. Ct. App. 2010)).

     There is very little authority in Washington on the specific issue of privity between a closely held corporation and its owners for purposes of applying the "same

ORDER- 8

parties" element of res judicata. To the court's knowledge, the only Washington case that directly deals with the issue is *Woodruff v. Coate*, 80 P.2d 555, 560 (Wash. 1938). In *Woodruff*, the president and majority shareholder of a lumber company sued the defendant in a dispute over land ownership. *Id.* at 556. The lumber company, however, had already asserted the same cause of action in a previous lawsuit. *Id.* at 556-57. Even though the plaintiff was not a party to the previous action, the Washington State Supreme Court held that res judicata barred his claim. *Id.* at 560.

> Admitting the general rule to be that no one can be conclusively bound by a judgment or decree unless he be a party to the suit or be in privity with the party, we think this rule does not require a person to become a technical party to the record in order to be bound and concluded by the result of the suit.

*Id.* at 559. In explaining why there was privity between the plaintiff and his corporation in the previous action, the court explained that "[i]n that action, the corporation, under appellant's management and control, sought specific performance of the same alleged contract which appellant here seeks personally to enforce." *Id.* at 560. The court thus prohibited the plaintiff from "re-litigat[ing] the question which, as president of [the corporation], he [previously] made an issue . . . ." *Id.* This is consistent with both the Restatement (Second) of Judgments and the general approach that Washington has taken to the "same parties" element. *See Loveridge*, 887 P.2d at 900.

The court concludes that Plaintiffs and MK Lim were in privity because Plaintiffs actively participated in the previous action and their interests were aligned with MK Lim's interests. In resisting this conclusion, Plaintiffs rely on *Stevens County v. Futurewise*, 192 P.3d 1, 6 (Wash. Ct. App. 2008) for two principles: (1) mere

ORDER- 9

participation in the litigation of a previous action does not necessarily mean privity; (2) parties are not in privity if their interests diverged in the previous action. The court agrees that both of these principles are correct; yet the court does not agree that either of these principles precludes privity between Plaintiffs and MK Lim. First, Plaintiffs did far more than stand on the sidelines in MK Lim's lawsuit against Greenwich. It is undisputed that MK Lim is a closely held corporation of which Plaintiffs are the sole shareholders. (2d Am. Compl. ¶ 1.1.) With complete corporate control of MK Lim, Plaintiffs were, at the very least, substantial participants in the litigation. For example, as Defendants point out and Plaintiffs do not deny, Mr. and Ms. Lim hired MK Lim's attorney and were the only parties who exercised control of MK Lim's lawsuit. (*See* Mot. at 16.) Further, in MK Lim's opposition to Greenwich's partial summary judgment motion in the previous action, MK Lim referred to itself and Plaintiffs synonymously: "The Lims seek redress for all damages proximately caused by its insurer's breach of contract, [etc.] . . . ." (Resp. at 97 (Ex. 8 Opp. to SJ Mot.).) The same was not true in *Futurewise* where "the record simply does not show that Futurewise in any respect controlled . . . [the] litigation." *Id.* at 7. Here, because "[p]rivity is also established when a nonparty is in actual control of the litigation or substantially participates in it[,]" *id.* at 6, Plaintiffs were in privity with MK Lim. Second, even if MK Lim's "objectives in enforcing its insurance contract were narrower" (Resp. at 20), this does not mean that MK Lim and Plaintiffs' interests diverged. As the only owners of MK Lim who relied on its business success for all their income, there is no reason to think that Plaintiffs' interests were anything short of fully aligned with MK Lim's interests.

ORDER- 10

1      Although Plaintiffs were not named parties in the previous action, this does not

2  preclude the court from finding them in privity with MK Lim.  *See Loveridge*, 887 P.2d

3  at 900.  It does not matter that in the previous action the court excluded evidence about

4  Plaintiffs' personal damages.[4]  (*See* Resp. at 166 (Ex. 13 Order on Mot. in Limine).)  As

5  the court explained, personal damages were irrelevant to MK Lim's corporate damages—

6  the court did not prevent Plaintiffs from joining as parties with MK Lim to assert the

7  claims brought in the present action.  Plaintiffs offer no convincing reason explaining

8  why, through the exercise of reasonable diligence, they could not have joined MK Lim

9  and asserted the claims that "*could have and should have* been determined in a prior

10  action."  *Sound Built Homes*, 72 P.3d at 794 (emphasis in original).

11      For the reasons explained above, the court finds that the "same parties" element of

12  res judicata is satisfied.

13      2.  Same Cause of Action

14       The court turns next to the second element.  "Of the four requirements for res

15   judicata, this requirement has proved to be the most troublesome and has produced the

16   largest number of reported cases, largely because of the difficulty in defining the terms

17   *claim* and *cause of action*."  4A KARL B. TEGLAND, WASHINGTON PRACTICE, CIVIL

---

[4] Further, the court is not convinced by Plaintiffs' argument that Defendants are judicially estopped from asserting res judicata as a bar against their current lawsuit. (*See* Resp. at 12-15.) Although Defendants did indeed argue that personal damages were irrelevant to and could not be recovered in the previous action, the basis for their argument was that Plaintiffs were not parties to the action. (*See* Resp. at 128-29 (Ex. 9 Defendant's Reply in SJ Mot.).) Moreover, even though Defendants attacked the merits of Mr. and Ms. Lim's potential legal claims against Greenwich, they did not, as Plaintiffs now claim, argue that "the Lims were required to recover their damages in a separate suit." (Resp. at 12.)

PROCEDURE § 35:26 (2d ed. 2004) (emphasis in original). Washington courts use the following factors: "(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts." *Thompson v. King Cnty.*, 259 P.3d 1138, 1144 (Wash. Ct. App. 2011). "These four factors are analytical tools; it is not necessary that all four factors be present to bar the claim." *Ensley v. Pitcher*, 222 P.3d 99, 105 (Wash. Ct. App. 2009). "Washington has applied the above criteria in a variety of ways, sometimes combining the elements into one analysis, sometimes addressing all four factors, and other times focusing on only one factor." *Feminist Women's Health Ctr.*, 63 F.3d at 867.

    The first factor is not at issue in this case. Defendants do not argue that rights or interests established in the first action will be destroyed or impaired by the second action. The three remaining factors, however, are at issue.

    The second factor—whether substantially the same evidence is presented in the two actions—weighs against Plaintiffs. Both MK Lim's action against Greenwich and Plaintiffs' action against Defendants require evidence of unreasonable delay and bad faith on the part of PRM and Ms. DeCew. The only significant difference between these actions is damages. In the first action, MK Lim had to prove corporate damages; in this action, Plaintiffs have to prove personal damages. This difference is not enough to distinguish the two. In this respect, this case is similar to *Landry v. Luscher*, where

victims of an automobile accident sued the responsible drive twice: the first time for property damages; the second time for personal damages. *Landry*, 976 P.2d at 1278. After their second action was dismissed under res judicata, they tried on appeal "to differentiate their causes of action by describing one for 'damage to property' and the other for 'damage to person.'" *Id.* The court, however, was clear that the causes of action were the same because "both were a cause of action for damage based on Ms. Luscher's liability." *Id.* The same is true here. Plaintiffs rely on the distinction between their personal damages and MK Lim's corporate damages in order to differentiate the previous action from the instant action. Nevertheless, as was the case in *Landry*, this distinction is immaterial. At their core, both causes of action are based on the same allegation: that PRM and Ms. DeCew acted unreasonably and in bad faith. *See also Marshall v. Thurston Cnty.*, 267 P.3d 491, 493 (Wash. Ct. App. 2011) (finding same cause of action where plaintiffs sued same defendant twice, noting that "except for the separate damages . . . all of the evidence necessary to recover on each suit is identical").

      Further, both of these actions arise from the infringement of the same right: MK Lim's right to receive contractually guaranteed benefits from an insurance provider in good faith and in a timely manner. Just because the infringement of this right caused harm to Plaintiffs as well as MK Lim does not mean that this action, at its core, is based on the infringement of a different right. *See Feminist Women's Health Ctr.*, 63 F.3d at 868 (applying Washington law and finding infringement factor met where the plaintiff was "merely seeking remedies under a new legal theory"). Plaintiffs' counterargument is unavailing. They contend that, as opposed to the previous action, this action is based

ORDER- 13

on Defendants' infringement of their "right to seek redress for personal economic harm and emotional distress arising out of the defendants' interpersonal conduct and their interference with the operations of the Lim's business." (Resp. at 17.) Despite this contention, nowhere in this action do Plaintiffs allege that Defendants infringed their "right to seek redress." Rather, assuming that "interference with the operations of the Lim's business" refers to the delayed adjustment of MK Lim's insurance claim, Plaintiffs themselves are in fact acknowledging that this action is based on the infringement of the same right as the previous action.

Finally, the fourth factor disfavors Plaintiffs because there is no doubt that this action is based on the "same transactional nucleus of facts" as the previous action. The basis for both actions is PRM and Ms. DeCew's conduct in adjusting MK Lim's insurance claim. This factor is especially damaging to Plaintiffs' case because in *Constantini v. Trans World Airlines*—the case cited by the Washington State Supreme Court when it first introduced these four factors in *Rains v. State*, 674 P.2d 165, 168 (Wash. 1983)—the Ninth Circuit emphasized that the "transactional nucleus" factor should be given the most emphasis. *Constantini v. Trans World Airlines*, 681 F.2d 1199, 1202 (9th Cir. 1982) ("The last of these criteria is the most important.").

Because the second, third, and fourth factors weigh heavily against Plaintiffs, there is identity between the causes of action. Defendants have carried their burden in establishing the second element of res judicata.

\\

### 3. Same Subject Matter

The third element of res judicata is also satisfied. Plaintiffs "do not dispute that there is identity of subject matter between the events . . . that caused both their personal economic and emotional distress damages and MK Lim's business damages." (Resp. at 16.)

### 4. Quality of the Persons for or Against Whom the Claim Is Made

"The fourth element of res judicata simply requires a determination of which parties in the second suit are bound by the judgment in the first suit." *Ensley*, 222 P.3d at 106. Here, Defendants are bound by the judgment in the first action because they are in privity with Greenwich. Plaintiffs are bound by the judgment in the first action because they are in privity with MK Lim. Thus, the fourth and final element of res judicata is satisfied. Accordingly, the court GRANTS Defendants' motion for summary judgment.

## C. Plaintiffs' Cross-Motion for Partial Summary Judgment

Because res judicata bars the claims asserted in the instant action, Plaintiffs' cross-motion for partial summary judgment is moot. As such, the court DENIES Plaintiffs' cross-motion.

\\

\\

\\

\\

\\

\\

## IV. CONCLUSION

For the foregoing reasons, the court GRANTS Defendants' motion for summary judgment (Dkt. # 15) and DENIES Plaintiffs' cross-motion for partial summary judgment (Dkt. # 18).

Dated this 14th day of November, 2012.

JAMES L. ROBART
United States District Judge

ORDER- 16